The undersigned have reviewed the Opinion and Award of Deputy Commissioner Teresa Stephenson based upon the record of the proceedings before former Deputy Commissioner Scott Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award with the exception of Award #2 wherein the language directing a lump sum payment was removed.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are properly before the Industrial Commission and are subject to the provision of the North Carolina Workers' Compensation Act.
2. At the time of the alleged accident on 4 August 1993, an employment relationship existed between the Plaintiff/Employee and the Defendant/Employer.
3. On 4 August 1993, plaintiff earned an average weekly wage of $615.00 per week yielding a compensation rate of $409.95.
4. Plaintiff's employment records and an adding machine tape indicating amounts plaintiff received was admitted into evidence as Stipulated Exhibit #1.
5. A job description from defendant was admitted as Stipulated Exhibit #2.
6. Plaintiff's medical records from Dr. Nifong, Dr. Rouse, Dr. Jones, Dr. Newton, Cape Fear Valley Medical Center, and Fayetteville Orthopaedics were admitted into evidence as Stipulated Exhibit #3.
7. Photographs of the loading jack from the depot in Brooklyn, New York, were stipulated into evidence as Stipulated Exhibit #4.
8. The Carrier on risk at the time of the alleged incident was Aetna Life and Casualty Company.
9. The deposition of Robert John Logel, M.D. is admitted into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 4 August 1993, plaintiff was employed by defendant as a long-distance truck driver. His job duties included unloading the truck's shipment upon reaching the destination.
2. During the early hours of 4 August 1993, the plaintiff and his co-driver, Lewis Noah, were unloading a truckload of meat in a Depot in Brooklyn, New York using the Depot's non-automated loading jack. The jack was in poor condition in that the wheel's ball bearings were severely corroded and would not roll. The jack required two people to operate it.
3. The condition of the jack worsened progressively in the two to three months preceding 4 August 1993. On that day it was unusually difficult to operate and required an unusual degree of exertion to operate due to increased corrosion.
4. A loaded jack typically carries a payload of 2,000-3,000 pounds.
5. Plaintiff's co-driver, Lewis Noah, pushed the non-automated jack on 4 August 1993 while plaintiff pulled. While pulling the jack, plaintiff felt an immediate and sudden sharp pain in his left shoulder.
6. Lewis Noah experienced unusual fatigue and exhaustion due to increased exertion required by use of the worn out and deteriorated condition of the non-automated jack.
7. Lewis Noah reported plaintiff's shoulder injury to Mrs. Ilena Ezzell of Lundy Packing Company on 4 August 1993.
8. Plaintiff used both automated and non-automated jacks as part of his normal, customary duties as a long distance truck driver for Lundy Packing Company; however, the severely corroded, deteriorated condition of the non-automated jack which was unusually difficult to operate on 4 August 1993 was an unusual condition and an interruption of plaintiff's normal work routine.
9. As a result of the 4 August 1993 work related incident, plaintiff sustained a torn rotator cuff.
10. Dr. Logel performed surgery on 29 November 1993 on plaintiff's left shoulder. The rotator cuff could not be repaired and torn tissue was debrided and loose fragments removed.
11. By 26 January 1994 Dr. Logel determined plaintiff reached maximum medical improvement. As a result of plaintiff's compensable injury and resulting surgery, plaintiff has a fifteen percent permanent partial disability to his left arm.
12. Plaintiff was incapable of returning to his former occupation as a long distance truck driver because of the disability to his left shoulder.
13. As of 20 April 1994 plaintiff was capable of returning to light duty work. This light duty consisted of answering phone calls, recording messages and running errands. Defendant provided this position for plaintiff on 25 April 1994; however, plaintiff's light duty employment is at the reduced salary of $315.00 per week.
14. As a result of the 4 August 1993 work-related incident, plaintiff was unable to earn wages beginning 1 September 1993 through 24 April, 1994. Plaintiff was out of work due to his injury for 34 weeks.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 4 August 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant/employer when the severely corroded, deteriorated non-automated jack was unusually difficult to operate. This constitutes an unusual condition and interruption of plaintiff's normal work routine. N.C. Gen. Stat. 97-2(6).
2. As a result of his compensable injury on 4 August 1993, plaintiff is entitled to temporary total disability from 1 September 1993 through 24 April 1994 at his compensation rate of $409.95 per week. N.C. Gen. Stat. 97-29.
3. As a result of his compensable injury on 4 August 1993, plaintiff's average weekly wage when he returned to work on 25 April 1994 in a light duty capacity was $315.00 per week, a reduction of $300.00 per week from the average weekly wage of $615.00 at the time of the compensable injury. Plaintiff is entitled to temporary partial disability compensation at a rate of $200.00 per week for a period of 266 weeks based on two-thirds of the difference in his pay. N.C. Gen. Stat. 97-30.
4. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to plaintiff temporary total disability at a compensation rate of $409.95 per week from 1 September 1993 through 24 April 1994. Said amount having accrued shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 4.
2. Further, defendants shall pay to plaintiff temporary partial compensation due to his diminution in wage earning capacity resulting from his compensable injury at a rate of $200.00 per week for a maximum of up to 266 weeks as of 25 April 1994, subject to the attorney fee approved in Paragraph 4.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on 4 August 1993, when bills for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
4. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraphs 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the total lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel, and, thereafter every fourth check of the ongoing temporary partial benefits shall be paid directly to the plaintiff's attorney.
5. Defendants shall pay the costs.
This is the 31st of January 1997.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN